■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO DE LA CRUZ, Also Known as ROBERTO DELACRUZ, Appellant. [851 NYS2d 615]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Gazzillo, J.), dated November 16, 2006, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Vaughn, J.) rendered October 16, 1997, convicting him of attempted promoting prostitution in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant was indicted in Suffolk County in 1997 for promoting prostitution in the third degree (*see* Penal Law § 230.25 [1]) and criminal possession of a forged instrument in the second degree (*see* Penal Law § 170.25). He appeared before Judge Vaughn in the County Court, Suffolk County, on August 20, 1997 with his then attorney, at which time the terms of a negotiated plea were set forth on the record; specifically, the defendant pleaded guilty to attempted promoting prostitution in the third degree (*see* Penal Law §§ 110.00, 230.25) in satisfaction of the indictment in return for an agreed-upon sentence of a conditional discharge and a possible fine.

On October 16, 1997 the defendant was sentenced in accor-

dance with the terms of the plea agreement to a conditional discharge, with no fine. On May 15, 2006 the defendant, who had engaged new counsel, moved to vacate the judgment pursuant to CPL 440.10 (1) (h), contending, in substance, that his conviction was obtained in violation of his constitutional rights to due process and the effective assistance of counsel. He argued that his allocution actually negated one of the required elements of the crime to which he pleaded guilty and claimed that neither the court nor his counsel informed him of this element. He insisted that he would not have pleaded guilty had he been accurately informed. Additionally, he faulted the court and counsel for misleading or nonexistent advice regarding the immigration consequences of his guilty plea. By order dated November 16, 2006, the County Court denied the defendant's motion.

The defendant's due process claims regarding his plea allocution all appear on the face of the record and, as such, are not cognizable under CPL 440.10 (*see* CPL 440.10 [2]).

The defendant's claim that he was denied his right to the effective assistance of counsel is without merit, because the defendant has failed to establish that counsel's representation was deficient (*see Strickland v Washington,* 466 US 668 [1984]; *People v Baldi,* 54 NY2d 137 [1981]). Specifically, the defendant did not establish that counsel was deficient in advising the defendant to plead guilty. In this respect, we note that the defendant's plea of guilty disposed of the entire indictment (*see* CPL 220.30 [2]), which included another felony charge of the same grade as the offense originally charged in the count under which the defendant pleaded guilty, and the defendant failed to address that other charge in his motion.

The defendant's remaining contentions are without merit. Crane, J.P., Lifson, Covello and McCarthy, JJ., concur.